UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22cv20987

BEATA DYKO,

    Plaintiff,

v.

MSC CRUISES S.A.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY

The Plaintiff, BEATA DYKO, by and through her undersigned counsel, hereby sues the Defendant, MSC CRUISES S.A., (hereinafter referred to as "MSC"), and alleges as follows:

## PARTIES AND JURISDICTION

1. This is an action for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interests and costs.

2. At all times material hereto, the Plaintiff, BEATA DYKO, was and is a citizen of the State of New York, and is otherwise *sui juris*.

3. The Defendant, MSC CRUISES S.A., is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County and Broward County, Florida.

4. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

5. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the venue selection clause of Plaintiff's Passenger Cruise Ticket/Contract with Defendant, MSC.

6. The Plaintiff, BEATA DYKO, has complied with all conditions precedent to maintaining this lawsuit.

7. At all times material hereto, the Defendant, MSC, personally or through an agent:

   a. Operated, conducted, engaged in or carried on business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.193

8. The cause of action asserted in this Complaint arises under the General Maritime Law of the United States and is a case subject to admiralty and maritime jurisdiction.

## FACTUAL ALLEGATIONS

9. At all times material hereto, the Defendant, owned, operated, managed, maintained and/or controlled the vessel known as the "*MSC Divina*," hereinafter referred to as the Subject Vessel.

10. At all times material hereto, the Defendant, MSC, was engaged in the business of providing to the public, including the Plaintiff, BEATA DYKO, for compensation, vacation cruises aboard the Subject Vessel.

11. On or about December 28th, 2021, the Plaintiff, BEATA DYKO, was a fare paying passenger lawfully onboard the Subject Vessel, which was in navigable waters.

12. On December 28th, 2021, the Defendant, MSC, due to an apparent COVID outbreak onboard the Subject Vessel, required mandatory COVID tests for all passengers, including the Plaintiff, BEATA DYKO.

13. That morning, the Plaintiff, BEATA DYKO, was instructed by Defendant, MSC, to go to the Pantheon Theatre on the 7th floor for a mandatory COVID test. Upon arrival, the Plaintiff walked onto the stage of the Pantheon Theatre and was directed by an employee, agent and/or crewmember of Defendant, MSC, to go to station two located to the left on the stage for her test.

14. After the test was completed, the Plaintiff, BEATA DYKO, walked across the stage in the aisleway between tables and test stations towards a staircase, hereinafter referred to the as the "Subject Staircase." The Plaintiff, BEATA DYKO, proceeded to walk up the Subject Staircase, which was abutting and/or touching black curtains.

15. As the Plaintiff, BEATA DYKO, reached the top of the Subject Staircase, she opened a curtain, took another step, and proceeded to suddenly and unexpectedly fall several feet to the floor below.

16. Unbeknownst to the Plaintiff, the Subject Staircase was not connected and/or attached to level flooring, and instead was a prop, movable object and/or movable staircase that led to a sudden and unexpected drop to the stage flooring below.

17. As a result of the fall, the Plaintiff, BEATA DYKO, suffered severe and permanent injuries.

18. At all times material hereto, the Defendant, MSC, was responsible for placing, selecting, maintaining and/or controlling the Subject Staircase, the stage and surrounding area.

19. At all times material hereto, the Defendant, MSC did not have any warning signs,

barricades, ropes, caution signs and/or cones of any type blocking and/or preventing use of the Subject Staircase.

## COUNT I – GENEAL NEGLIGENCE

20. Plaintiff readopts and reallages Paragraph 1 through 20 as fully as if said paragraphs were restated herein.

21. At all times material hereto, the Defendant, MSC, owed the Plaintiff and all passengers the duty to exercise reasonable care under the circumstances.

22. On December 28th, 2021, the Defendant, MSC, and/or its agents, servants and/or employees breached its duty to provide the Plaintiff with reasonable care through the following acts and/or omissions:

   a. Failing to provide the Plaintiff with reasonable care under the circumstances;

   b. Negligently placing the Subject Staircase on the stage without any warning signs, barricades, ropes, caution signs and/or cones of any type blocking and/or preventing use of the Subject Staircase;

   c. Negligently creating a hidden and/or trap-like situation where the Subject Staircase appeared to be a real staircase due to the location and placement;

   d. Failing to have barricades, cones, warning signs and/or barriers in place to prevent and/or stop passengers, including the Plaintiff, from using the Subject Staircase;

   e. Negligently allowing the Subject Staircase to be located on the stage at the same time as passengers, including the Plaintiff;

f. Negligently creating a dangerous, hazardous and/or unsafe condition such that the Subject Staircase appeared to be a real staircase, but led to a sudden and unexpected drop;

g. Failing to have adequate and/or sufficient lighting on the stage, Subject Staircase and/or surrounding area;

h. Failing to provide a reasonably safe manner to exit the stage;

i. Negligently placing the Subject Staircase in an unsafe and dangerous location on the stage;

j. Failing to perform appropriate, sufficient and/or proper inspection of the stage to ensure it was safe for use by passengers prior to allowing and/or inviting passengers onto the stage;

k. Failing to direct the Plaintiff to the correct and/or proper exit from the stage;

l. Failing to have adequate staff, employees, and/or agents on the stage to direct, supervise and/or monitor passengers, including the Plaintiff;

m. Failing to prevent and/or stop Plaintiff from utilizing the Subject staircase

n. Failing to monitor the stage so as to ensure passengers, including the Plaintiff, did not walk up the Subject Staircase;

o. Failing to promulgate and/or enforce adequate policies and procedures aimed at ensuring the stage was safe for passengers including the Plaintiff;

p. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning the passengers, including the Plaintiff, to ensure that the Subject Staircase was not used by passengers and that the stage was safe for passengers; and/or

    q. Failing to promulgate and/or enforce adequate policies and procedures aimed at maintaining the stage, including the Subject Staircase, such that it was safe for use by passengers.

23. At all times material hereto, the Defendant, MSC had exclusive custody and control of the Subject Vessel, including, but not limited to, the Subject Staircase.

24. Said dangerous and hazardous conditions were known and/or should have been known to the Defendant, MSC, were created by the Defendant, MSC, or had existed for a sufficient length of time so that Defendant, MSC knew and/or should have known about the condition, and/or said dangerous conditions occurred with regularity and were therefore foreseeable.

25. As a direct and proximate result of the negligence of the Defendant, MSC, the Plaintiff, BEATA DYKO, was injured in and about her body, head, face and/or extremities, and/or aggravated a pre-existing condition, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical handicap, loss of earnings, incurred medical, nursing, attendant care and life care expenses for her care and treatment and her working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE,** the Plaintiff, BEATA DYKO demands judgment against the Defendant, MSC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

### COUNT II – NEGLIGENT FAILURE TO WARN

26. Plaintiff readopts and reallages Paragraph 1 through 20 as fully as if said paragraphs were restated herein.

27. At all times material hereto, the Defendant, MSC, owed the Plaintiff and all passengers the duty to exercise reasonable care under the circumstances.

28. At all times material hereto, it was the duty of Defendant, MSC, to warn passengers, including the Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, including the Plaintiff, are invited to or may reasonably be expected to visit.

29. On December 28, 2021, the Plaintiff, BEATA DYKO was invited, required to go, and/or instructed to go on to the stage of the Pantheon Theatre located on the 7th floor of the Subject Vessel.

30. On December 28th, 2021, the Defendant, MSC, and/or its agents, servants and/or employees breached its duty to warn through the following acts and/or omissions:

   a. Failure to warn the Plaintiff that the Subject Staircase was a prop, movable object and/or movable staircase;

   b. Failing to warn the Plaintiff that the Subject Staircase did not lead to, was not connected to and/or not attached to anything;

   c. Failure to warning of the dangerous location of the Subject Staircase on the stage;

   d. Failure to adequately warn the Plaintiff of the improperly and/or poorly maintained stage and/or Subject Staircase; and/or

   e. Failure to adequately warn the Plaintiff of the risks and/or dangers posed to her, due to improper and/or inadequate, maintenance and/or inspection of the stage and/or Subject Staircase.

31. At all times material hereto, the Defendant, MSC had exclusive custody and control

of the Subject Vessel, including, but not limited to, the Subject Staircase.

32. Said dangerous and hazardous conditions were known and/or should have been known to the Defendant, MSC, were created by the Defendant, MSC, or had existed for a sufficient length of time so that Defendant, MSC knew and/or should have known about the condition, and/or said dangerous conditions occurred with regularity and were therefore foreseeable.

33. As a direct and proximate result of the negligence of the Defendant, MSC, the Plaintiff, BEATA DYKO, was injured in and about her body, head, face and/or extremities, and/or aggravated a pre-existing condition, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical handicap, loss of earnings, incurred medical, nursing, attendant care and life care expenses for her care and treatment and her working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE,** the Plaintiff, BEATA DYKO demands judgment against the Defendant, MSC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

### COUNT III – NEGLIGENT FAILURE TO MAINTAIN

34. Plaintiff readopts and realleges Paragraph 1 through 20 as fully as if said paragraphs were restated herein.

35. At all times material hereto, the Defendant, MSC, owed the Plaintiff and all passengers the duty to exercise reasonable care under the circumstances.

36. As part of that duty, and at all times material hereto, it was the duty of Defendant, MSC, to maintain the stage, including, but not limited to, the Subject Staircase, in a reasonably

safe condition.

37. On December 28th, 2021, the Defendant, MSC, and/or its agents, servants and/or employees breached its duty to maintain through the following acts and/or omissions:

a. Failing to maintain the stage where the Plaintiff was injured on the Subject Vessel in a reasonably safe manner;

b. Failing to maintain the Subject Staircase in a reasonably safe manner such that it was improperly, dangerously and/or hazardously located on the stage and without any warning, ropes, barricade and/or other similar measures to prevent access to the Subject Staircase;

c. Negligently maintaining the Subject Staircase in a dangerous, unsafe and/or hazardous condition such that it was placed in a location that created the appearance that it was a normal staircase exit, which it was not; and/or

d. Failure to maintain the stage and Subject Staircase with adequate signs and/or warnings so as to prevent and/or warn the Plaintiff from using the Subject Staircase.

38. At all times material hereto, the Defendant, MSC had exclusive custody and control of the Subject Vessel, including, but not limited to, the Subject Staircase.

39. Said dangerous and hazardous conditions were known and/or should have been known to the Defendant, MSC, were created by the Defendant, MSC, or had existed for a sufficient length of time so that Defendant, MSC knew and/or should have known about the condition, and/or said dangerous conditions occurred with regularity and were therefore foreseeable.

40. As a direct and proximate result of the negligence of the Defendant, MSC, the Plaintiff, BEATA DYKO, was injured in and about her body, head, face and/or extremities, and/or

aggravated a pre-existing condition, sustained bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical handicap, loss of earnings, incurred medical, nursing, attendant care and life care expenses for her care and treatment and her working ability was impaired; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE,** the Plaintiff, BEATA DYKO demands judgment against the Defendant, MSC, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on **1st** of April 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the Florida Courts e-Filing Portal which will send an automatic e-mail message to all parties who have registered with the e-Filing Portal.

        HALPERN SANTOS & PINKERT, P.A.
        150 Alhambra Circle
        Suite 1100
        Coral Gables, FL  33134
        Phone: (305) 445-1111
        Fax:    (305) 445-1169
        Email:  ian@hsptrial.com
                 ashley@hsptrial.com

        By:    s/ Ian D. Pinkert
                IAN D. PINKERT, ESQUIRE
                Florida Bar No.: 84572
                JAY HALPERN, ESQUIRE
                Florida Bar No.: 260576